IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03983-NRN

FRANKLIN HERNANDEZ HERNANDEZ,

    Petitioner,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
ARTHUR WILSON, in his official capacity as ICE Field Officer Director,
JOHNNY CHOATE, in his official capacity as the warden of the Aurora Immigration Detention Facility,
PAMALA BONDI, in her official capacity as the United States Attorney General,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,
THE BOARD OF IMMIGRATION APPEALS,

    Respondents.

---

## ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This case is before the Court on Franklin Hernandez Hernandez's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is currently in the custody of the Department of Homeland Security ("DHS") in Aurora, Colorado. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need

for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Gomez v. Bondi*, No. 26-CV-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner brings claims under the Fifth Amendment and the Immigration and Nationality Act ("INA").

Petitioner is a native and citizen of Guatamala who entered the United States without inspection when he was five years old. ECF No. 1 ¶ 1. Petitioner has one juvenile criminal conviction of petty criminal mischief. *Id.* He has two U.S. citizen children. *Id.*

Petitioner was apprehended by ICE after an arrest following an encounter with the police. *Id.* On August 14, 2025, an Immigration Judge granted a bond redetermination in the amount of $10,000. *Id.* ¶ 2. DHS appealed and on September 23,

2

2025, the Board of Immigration Appeals ("BIA") vacated the bond, finding that Petitioner was ineligible for bond because U.S.C. § 1225(b)(2)(A) bars individuals who entered without inspection from receiving a bond redetermination from an immigration judge. *Id.* This interpretation, as discussed below, has been rejected by courts in this District.

Petitioner argues that he qualifies for immediate release from custody because an Immigration Judge has already determined that he is neither a danger nor a flight risk, and Respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, Respondents contend that Petitioner's detention is governed by § 1225(b), which they argue applies to all applicants for admission, not just arriving aliens or those who unlawfully entered the country recently, and mandates detention. *See* ECF No. 8 at 12–15. Respondents' argument has been rejected by this Court as well as several other judges in this District. *See Gomez*, 2026 WL 482677; *Jimenez Facio*, 2025 WL 3559128, at 2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for several years). The Court sees no reason why this case would merit a different outcome.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312

U.S. 275, 286 (1941). To meet that burden, Petitioner argues that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and, while he received a hearing, Respondents then determined that he is statutorily ineligible for bond. The Court finds that Petitioner has met his burden.

The Court is "firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases." *Diaz Marquez*, 2026 WL 370864, at *1. While the Court recognizes that the Fifth Circuit has recently held otherwise, *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25- 40701, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), "[o]bviously, the Fifth Circuit's decision is not binding authority on this Court, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *Gomez v. Bondi*, 2026 WL 482677, at *2; *see also Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome).

Accordingly, the Court finds that Petitioner's continued confinement has violated the INA and Petitioner's Fifth Amendment due process rights.[1] *See Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be

---

[1] Because the Court grants the Petition based on the statutory interpretation of §§ 1225(b) and 1226(a), it need not reach Petitioner's additional arguments regarding his entitlement to relief as a member of the "Bond Denial Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.).

unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)).

Moreover, because an Immigration Judge, after a full custody hearing, ordered Petitioner released on a $10,000 bond, it has already been determined that Petitioner does not pose a danger to the community nor a flight risk. Therefore, the Court orders his immediate release on the previously set immigration bond. *See Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026) ("Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review.").

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 10. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

1) Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2) Respondents shall immediately release Petitioner from detention on the previously set immigration bond.

3) On or before March 10, 2026, Respondents shall confirm in writing Petitioner's release from custody, assuming bond has been posted.

4) This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

Date: March 5, 2026                    BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge